UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 03-355 |
| BYRON GREEN | SECTION "K" (5) |

**ORDER AND REASONS**

Before this court is Petitioner Byron Green ("Green") seeking post conviction relief pursuant to Title 28, United States Code, Section 2255. After consideration of the record, memoranda and applicable law, this Court finds that Green is not entitled to such relief for the reasons that follow.

**I. BACKGROUND**

Byron Green was arrested and charged with narcotics offenses in violation of Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, to which he plead not guilty. The government then filed a Superseding Bill of Information which charged Green with knowingly and intentionally conspiring to distribute and possess with intent to distribute more than five hundred grams but less than five kilograms of cocaine hydrochloride, to which Green plead guilty.

The guilty plea was part of an agreement reached between the defendant and the United States, the terms of which were clearly enumerated. Pursuant to the plea agreement, Green

expressly waived his right to appeal his sentence on any ground, and agreed "not to contest his sentence in any post-conviction proceeding, including, but not limited to a proceeding under Title 28, U.S.C. § 2255." *See* Plea Agreement, at p. 2 (Rec.Doc. No. 180).  The defendant reserved the right to appeal only if a) the sentence imposed is in excess of the statutory maximum, or b) the sentence imposed constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.  *Id.*  The defendant, through his counsel, affirmed that all terms of the agreement were understood, and the agreement was signed by both the defendant and his counsel.

During the contested sentencing hearing, this Court sentenced Green to 160 months, which fell within the guideline range based on his offense level computation.[1]  The sentence reflects a two-point enhancement Green received pursuant to § 2D1.1(b)(1) of the Federal Sentencing Guidelines for possession of a firearm in furtherance of a drug related crime.  Upon appeal, his conviction and sentence were affirmed on November 10, 2005.

Green now seeks to vacate his sentence pursuant to Title 28, United States Code, Section 2255.  He asserts that 1) his sentence was enhanced by facts not admitted to or found by a jury and 2) the Government breached the plea agreement by urging the Court to enhance the sentence due to firearms possession and a greater amount of drugs than Green pleaded to in the agreement.

---

[1] Green's guideline range was from 151 to 188 months, with a statutory maximum of forty years.

## II.  ANALYSIS

*Erroneous Enhancement of Sentence*

Green's assertions regarding the allegedly wrongfully enhanced sentence are barred procedurally.  The right to appeal a criminal conviction is statutory, not constitutional, in nature. *Abney v. United States*, 431 U.S. 651, 656 (1977).  Therefore, any challenge to Green's sentence must come in the form of a statutory direct appeal instead of under a motion for § 2255 post-conviction relief.  Green did pursue a direct appeal asserting his sentence was unconstitutionally enhanced.  The Fifth Circuit, upon review, affirmed his conviction and sentence.  *United States v. Green*, No.04-30795 (5th Cir. Nov. 10, 2005).   This ruling precluded a subsequent § 2255 challenge to his sentence, as "[i]t is settled in [the Fifth] Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."  *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

Assuming, *arguendo*, that the disposition of the matter at the appellate level did not procedurally bar his claim, his waiver pursuant to the plea agreement would.  The statutory right to appeal can be waived by the defendant as part of a plea agreement.  *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992).  Green did expressly waive his right to appeal in the plea agreement, with narrow exceptions, as noted above.  Nevertheless, Green chose to pursue a direct appeal.  In its ruling, the Fifth Circuit held that some of the language in the plea agreement relating to waiver of appeal rights was ambiguous, and thus allowed a direct appeal. The Court stated "Green reserved his right to appeal any sentence that constituted an 'upward

departure from the guideline range deemed most applicable by the sentencing court.' The waiver is ambiguous but we assume Green has reserved his right to appeal." *United States v. Green*, No.04-30795, slip op. at 3 (5th Cir. Nov. 10, 2005). The Court finds that this ruling applies to that portion of the plea agreement addressing the right of the Petitioner to directly appeal, and not to the waiver of his right to seek Section 2255 *habeas corpus* relief. Because Green "agree[d] not to contest his sentence in any post-conviction proceeding, including, but not limited to a proceeding under Title 28, United States Code, Section 2255," the Court finds that he waived his right to seek *habeas* relief under Section 2255. *See* Plea Agreement, at 2 (Rec.Doc.No. 180). As such, this § 2255 motion must be dismissed as it defies the clear language within the agreement barring it.

Lastly, Green's challenge would fail on the merits as well. Green is asserting that the enhancement was improper due to consideration of facts neither found by a jury nor admitted. In affirming the conviction, the appeals court specifically found that "the district court found by a preponderance of the evidence that Green was accountable for a greater quantity of drugs than that specified in the bill of information and that Green possessed a firearm during the conspiracy," and that the enhancement would be applied for those reasons. *United States v. Green*, No.04-30795, slip op. at 4 (5th Cir. Nov. 10, 2005). The district court was proper in doing so. As the Circuit Court stated, "The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *Id.* at 3. (citing *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005))(citing *United States v. Booker*, 543 U.S. 220, 233 (2005). "For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts

that the judge deems relevant." *United States v. Booker*, 435 U.S. 220, 233 (2005).

*Breach of Plea Agreement*

Green also asserts that the plea bargain was breached because the Government argued at sentencing that Green's sentence should be based on an amount of drugs greater than what he plead to and for firearms possession. Once again, Green cannot assert this claim due to his express agreement not to challenge his sentence under § 2255. Additionally, Green could have raised the breach argument on direct appeal, but did not. Thus, he cannot now raise this argument with a § 2255 motion. Per *United States v. Shaid*, 981 F.2d 231, 231(5th Cir. 1991), "a 2255 motion is not the equivalent of an appeal, nor can it take the place of one."

Even assuming he can bring this claim, he still would fail on the merits. In a breach of plea claim, "the defendant bears the burden of demonstrating the underlying facts that establish the breach by a preponderance of the evidence." *United States v. Price*, 95 F.3d 364, 367 (5th Cir. 1996). To assess whether an agreement has been violated, a court will consider whether the Government's actions were consistent with the defendant's reasonable understanding of the agreement. *United States v. Lewis*, 476 F.3d 369 (5th Cir. 2007).

Green has not met this burden. He cannot show that the Government agreed not to seek enhancements. He asserts only that the Government argued facts he did not admit to or were not found by a jury. As pointed out, this does not constitute a breach because the judge is entitled to find facts during sentencing. He knew the Government found a weapon in his house, and he was in fact forced to forfeit that weapon. He clearly understood the terms of the agreement, one of which allowed for the judge to sentence Green to any sentence within the statutory range, which went up to 40 years. He also understood that at the time of the agreement, the Court had not yet

had the opportunity to take into consideration the information contained within the PSI report. Since he waived any right to a § 2255 challenge, since he did not argue the claim on appeal, and since he cannot show evidence of breach by a preponderance of evidence, his claim fails. Accordingly,

**IT IS ORDERED** that Byron Green's petition for post conviction relief pursuant to Title 28, United States Code, Section 2255 is hereby **DENIED WITH PREJUDICE.**

New Orleans, Louisiana, this 29th day of March, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**